**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**BOBBY ANTONIO TROTTER, # L4136**                                              **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 3:15cv674-CWR-FKB**

**WARDEN HOGAN and MANAGEMENT
TRAINING CORPORATION, INC.**                                  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*.  *Pro se* Plaintiff Bobby Antonio Trotter is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he brings this action complaining of an alleged attack by a fellow inmate.  The Court has considered and liberally construed the pleadings.  For the reasons set forth below, the Court finds that this case should be dismissed.

### BACKGROUND

Trotter is housed at the East Mississippi Correctional Facility, in the maximum security lockdown unit, Unit 5.  He alleges that on May 26, 2015, two officers were escorting him back to his cell after a visit with his attorney.  Trotter claims he was handcuffed and his feet were also shackled.  Once back on the unit, another maximum security inmate broke out of cell number 114, and attacked Trotter with a knife.  He alleges the attack lasted three to four minutes.  Trotter further charges that the tower officer should have seen that cell 114 was unlocked.

Trotter brings this action under 42 U.S.C. § 1983 and state law for failure to protect, gross negligence, and breach of contract.  He sues Warden Hogan, because he is the head warden in charge

of the prison.  Trotter also sues Management and Training Corporation ("MTC"), which is the private contractor that runs the prison.

**DISCUSSION**

<u>SECTION 1983</u>

The Prison Litigation Reform Act of 1996 ("PLRA") applies to prisoners proceeding *in forma pauperis* in this Court.  The PLRA provides in part that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted).  "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised. . . ."  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Id.*  Because the Court has permitted Trotter to proceed *in forma pauperis*, the Complaint is subject to the provisions allowing for *sua sponte* dismissal under § 1915.

Trotter sues both Defendants under § 1983 for an alleged failure to protect.  Hogan and MTC are both sued because they were in charge of the prison.  Trotter does not allege any act or omission by Defendants.  Therefore, the failure to protect claims are based purely on the Defendants' roles as employer or supervisor.

"There is no vicarious or *respondeat superior* liability of supervisors under section 1983." *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006). The supervisor must either be personally involved in the violation or otherwise have caused the violation. *Id.* Therefore, Trotter fails to state a § 1983 claim against Defendants.

STATE LAW CLAIMS

Trotter also sues both Defendants for gross negligence under state law, and he sues MTC for breach of a third party beneficiary contract. These claims invoke the Court's supplemental jurisdiction. 28 U.S.C. § 1367(a). This jurisdiction may be declined if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Since the Court has dismissed the § 1983 claim, it declines jurisdiction over the state law claims. They are dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the foregoing reasons, the 42 U.S.C. § 1983 claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief could be granted. This dismissal counts as a strike under 28 U.S.C. § 1915(g). The State law claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c). A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 14th day of December, 2015.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE